COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Lemons and Senior Judge Hodges
Argued at Alexandria, Virginia


FRANK ERNEST MILLER, JR.
                                              OPINION BY
v.     Record No. 1513-97-4        JUDGE WILLIAM H. HODGES
                                            JANUARY 26, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                     J. Peyton Farmer, Judge

          William E. Glover (Glover & Dahnk, on brief),
          for appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Mark L. Earley, Attorney General;
          Thomas D. Bagwell, Senior Assistant Attorney
          General, on brief), for appellee.


     Frank Ernest Miller (appellant) was convicted, on his

conditional plea of guilty, of four counts of forgery.  He

contends on appeal that a plea agreement he made in Spotsylvania

County barred the Commonwealth's Attorney in Stafford County from

prosecuting him for any charges arising from his use of the

fictitious bank account he created using Douglas Payne's driver's

license.  We disagree and affirm the convictions.

                              I.

     By his own estimate, appellant wrote 188 checks on a false

bank account he created, using Douglas Payne's driver's license.

 Appellant was charged in Spotsylvania County with forgeries and

grand larceny by false pretenses arising out of his use of the

bank account.  He was charged with thirteen offenses.  Appellant,

his attorney, and a Spotsylvania County prosecutor entered into a

plea agreement by which appellant agreed to plead guilty to three counts of forgery and two counts of grand larceny by false pretenses. Appellant, however, was responsible for restitution to the victims of all the offenses.

Paragraph eight of the plea agreement read, in pertinent part:

> 8. I understand that the Commonwealth's Attorney has agreed to recommend to the Court the following specific punishment as the appropriate disposition in this case, as follows:
>
>  A. Upon the defendant's guilty plea to the indictments, the Commonwealth agrees not to prosecute any further charges that may have arisen from the use of the bank account in Douglas Payne's name. The Commonwealth makes no agreement to recommend a specific sentence for these charges, but preserves the right to argue to the court for appropriate sentencing.

(Emphasis added.) The plea agreement was signed by appellant, appellant's counsel, and the Assistant Commonwealth's Attorney. The trial judge accepted the plea agreement. The final judgment order recited, "The Assistant Attorney for the Commonwealth agrees not to prosecute any further charges that may have arisen from the use of the bank account in Douglas Payne's name . . . ."

Subsequently, appellant was indicted in Stafford County for nine counts of forgery and nine counts of uttering. Each of the charges involved the use of the Payne bank account. Prior to trial, appellant moved to quash the indictments on the ground that the plea agreement in Spotsylvania County barred any other

- 2 -

jurisdiction in the Commonwealth from prosecuting any charge arising from the use of the bank account.

The trial judge found that the term, "the Commonwealth," as used in the Spotsylvania County plea agreement, was ambiguous. Thus, he heard testimony about the agreement from the parties to the document. The prosecutor, Donna Van Winkle, testified that she neither intended to bind nor understood that she could bind any jurisdiction except Spotsylvania County. She was aware that other jurisdictions might bring charges against appellant. She testified, however, that she did not speak to prosecutors from any other jurisdiction about appellant's cases. No one in the Stafford County Commonwealth's Attorney's Office had a conversation with any prosecutor in Spotsylvania County concerning appellant's cases.

Muriel Pitney, appellant's attorney for the Spotsylvania cases, testified that she never discussed any other jurisdiction with appellant.[1] Pitney testified that she showed appellant a list of checks for which he would be responsible for paying restitution. The checks had been written to stores in Spotsylvania County. She did not recall appellant telling her about checks in other jurisdictions. Pitney testified that when the agreement was signed, she did not believe that Van Winkle was binding any other jurisdiction.

---

[1]Appellant waived his attorney/client privilege with respect to the issue of the terms of the Spotsylvania County plea agreement.

Appellant testified that Pitney told him that the plea agreement with Spotsylvania County also covered Stafford County and Fredericksburg.  Appellant testified that he believed once he entered the plea agreement with Spotsylvania County, he would not be prosecuted anywhere on checks he had written on the Payne account.

The judge denied the motion to quash.  He held that as a matter of law, a prosecutor in one jurisdiction cannot bind "the entire State of Virginia."  The judge noted that the Spotsylvania County plea agreement, on its face, did not permit an interpretation that the Commonwealth's Attorney for Spotsylvania County was binding any other jurisdiction in the Commonwealth.  Moreover, he explicitly rejected appellant's testimony as incredible and credited Pitney's testimony regarding the plea agreement in Spotsylvania County.

## II.

Pursuant to the Constitution of Virginia, Article VII, Section 4, and Code § 15.2-1600, the voters of each county and city shall elect an attorney for the Commonwealth.  Code § 15.2-1627 provides:

> The attorney for the Commonwealth and assistant attorney for the Commonwealth shall be a part of the department of law enforcement of the county or city in which he is elected or appointed, and shall have the duties and powers imposed upon him by general law, including the duty of prosecuting all warrants, indictments or informations charging a felony . . . .

The attorney for the Commonwealth, the defendant, and the attorney for the defendant may enter into a plea agreement, which shall, in the case of a felony, be reduced to writing. See Rule 3A:8. The government is bound to fulfill any promise it makes in exchange for a defendant's guilty plea. See Santobello v. New York, 404 U.S. 257, 262 (1971).

In this case, the Assistant Commonwealth's Attorney for Spotsylvania County was part of the department of law enforcement for that county. She could not bind another jurisdiction by a plea agreement, without consent from that jurisdiction. Appellant cites no authority, nor do we find any, to show that the authority of an Assistant Commonwealth's attorney for Spotsylvania County extends beyond that county's boundaries.

The record establishes that the prosecutor had no intention of obligating any other jurisdiction nor did she have any belief that she could.[2] Even if she had so intended, such an agreement would have been ultra vires[3] and not binding on the Commonwealth's Attorney of Stafford County. See Ellis v. Commissioner of Dept. of Mental Hyg. & Hosp., 206 Va. 194, 201, 142 S.E.2d 531, 536 (1965) (state acting in sovereign or

_____

[2] Indeed, appellant was the only party to the Spotsylvania County plea agreement who claimed that the agreement covered other jurisdictions.

[3] "An act performed without any authority to act on subject. . . . Ultra vires act of municipality is one which is beyond powers conferred upon it by law." Black's Law Dictionary 1522 (6th ed. 1990).

governmental capacity cannot be bound by unauthorized acts or representations of its employees and agents).

The trial judge did not err in denying appellant's motion to quash the indictments.

Accordingly, we affirm the convictions.

<u>Affirmed</u>.
